**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

March 11, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE:     *Stern v. Western Express, Inc. et al.*
        Civil No. 1:25-cv-03545-JRR

Dear Counsel:

Plaintiff, Sidney Stern, filed the instant motor tort litigation in state court alleging claims of negligence (Count I), negligent hiring and retention (Count II), and negligent entrustment (Count III) on September 10, 2025. (ECF No. 1).  Defendant filed a notice of removal on October 8, 2025.  *Id.*  Currently before the Court is a dispute between the parties concerning Plaintiff's interrogatories and several requests for production of documents. (ECF Nos. 29, 34, 36).  Plaintiff seeks a motion compelling Defendant's production of the disputed materials.  (ECF No. 36). Defendant objects and intends to file a motion for a protective order from producing the same. (ECF No. 34).

The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the requested relief is DENIED, and discovery shall be STAYED.

## I.      Background

Plaintiff seeks compensatory damages for injuries he sustained as the result of a May 12, 2023, motor vehicle accident on Interstate 696 ("I-695"). (ECF No. 3 at 2).[1] Plaintiff alleges that the Defendant's tractor-trailer, operated by Mr. Darnell Williams, left its designated lane and collided with Plaintiff, thereby resulting in injuries. *Id.* Prior to September 10, 2025, when Plaintiff originally filed his Complaint, Mr. Williams passed away. (ECF No. 24 at 1).

Defendant filed its answer to the complaint on October 28, 2025.  (ECF No. 4).  On December 29, 2025, Plaintiff filed a motion to voluntarily dismiss all claims against Mr. Williams, resulting in the dismissal of Count I.  (ECF No. 9).  Judge Rubin granted the motion on December 30, 2025, which made Counts II and III, the negligent hiring and retention and negligent entrustment claims, the only remaining claims in the case.  (ECF No. 11).  On February 4, 2026, Defendant filed a motion to dismiss counts II and III, or in the alternative, for partial summary judgment.  Then, on February 10, 2026, Plaintiff filed an amended complaint.  (ECF No. 23). Judge Rubin denied both motions on February 12, 2026, as Defendant filed its answer before filing

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

a motion to dismiss, thereby barring its motion, and Plaintiff filed an amended complaint without leave of the Court, thereby making it improper. (ECF No. 27).

Defendant subsequently re-fashioned its motion to dismiss arguments into a motion for judgment on the pleadings, which it filed later that same day. (ECF No. 28). Plaintiff filed a motion for leave to amend the complaint on February 16, 2026. (ECF No. 30). Plaintiff seeks to add a claim of negligence back into the case against Mr. Williams and Defendant. (ECF No. 30-2 at 3-4). Plaintiff also added language concerning reckless and wanton conduct under Counts II and III and seeks to recover punitive damages in addition to compensatory damages under the proposed amended complaint. *Id.* at 4-7. The proposed amended complaint further adds facts concerning Defendant's presence and hiring decisions in Tennessee. *Id.* Judge Rubin has not yet ruled on either motion.

Turning to the presently pending discovery dispute, on February 13, 2026, Defendant first alerted this Court to a dispute by way of a Notice and Request for a Rule 16(b)(3)(B)(v) pre-motion conference. (ECF No. 29). Thereafter, on February 20, 2026, this matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Julie Rubin. (ECF No. 31). The undersigned issued a memorandum to counsel concerning discovery that same day, in which the Court instead directed the parties to file position statements concerning the present dispute. (ECF No. 32).

## II.    Analysis

Defendant objects to Plaintiff's discovery requests on the basis that they are not relevant to the issue of injury or damages. (ECF No. 34). Relevant to the instant dispute, Defendant has "agreed to stipulate that Mr. Williams was its employee/agent driving in the course and scope of his employment at the time of the incident." *Id.* at 1. After a meet and confer that ultimately narrowed the scope of several document production requests, "a significant dispute related to relevance and proportionality as to a majority of Plaintiff's requests to Defendant remains." *Id.* at 2. Defendant has divided the present dispute into two primary categories. *See id.* The first concerns "requests which would only become relevant and/or proportionate to the needs of the case should the Court deny the Motion for Judgment on the Pleadings." *Id.* The second concerns "discovery requests that do not seek any relevant information and/or is not at all proportionate to the needs or issues of this case regardless of the pending motion." *Id.* There is no need to parse the requests subject to the instant dispute into two categories based on the analysis below.

### A. Defendant Correctly Asserts that Maryland Law Prohibits Derivative Negligence Claims when an Employer Admits Vicarious Liability

As an initial matter, Defendant correctly points to the general rule that a plaintiff may not maintain derivative negligence claims where, as here, the defendant admits that the employee was acting within the scope of employment. *See Houlihan v. McCall,* 197 Md. 130, 137-38 (1951); *Orta v. Creekstone Landscaping & Excavating, LLC*, No. 1:23-cv-01954-EA, 2024 WL 3555093, at *6 (D. Md. July 25, 2024); *Sneed v. SW Trucking, LLC, et al.*, Civil Action No. ADC-19-626, 2020 WL 1812866, at *5 (D. Md. Apr. 9, 2020) (granting summary judgment when the defendant admitted the driver was acting in the scope of employment on the plaintiff's negligent entrustment and negligent hiring, training, retention, and supervision claims); *Villalta v. B.K. Trucking &*

*Warehousing, LLC, et al.*, Civil Action No. DKC 2007-1184, 2008 WL 11366412 at \*5-6 (D. Md. Aug. 4, 2008) ("[A] plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee."); *Day v. Stevens*, Civil Case No. 17–02638–JMC, 2018 WL 2064735, at \*5 (D. Md. May 3, 2018) ("[T]he Maryland Court of Appeals' decision in *Houlihan* clearly supports Defendant's contention that Plaintiff cannot proceed with its negligent entrustment claim once vicarious liability has been admitted."). In *Houlihan v. McCall*, the then Court of Appeals of Maryland held that a trial court erred in allowing into evidence an individual defendant's driving record when (1) the employer admitted agency and (2) the plaintiff alleged negligence on part of the individual defendant and on the part of the employer. *Houlihan v. McCall*, 197 Md. 130, 137 (1951). The Court reasoned that because the defendants admitted agency, "it was quite unnecessary [for the plaintiffs] to pursue the alternative theory in order to hold the corporate defendant [liable]," and the plaintiffs needed only "to prove negligence on the part of the driver." *Id.* at 137–38. After *Houlihan*, "other courts [have] characterize[d] *Houlihan* as the Maryland Court of Appeal's adoption of the 'majority view' that 'negligent entrustment imposes no additional liability on an employer and therefore the desirability of allowing a plaintiff to proceed with the claim is outweighed by the prejudice to the defendant inherent in allowing the claim.'" *Day v. Stevens*, 2018 WL 2064735, at \*5 (quoting *Poplin v. Bestway Express*, 286 F.Supp.2d 1316, 1319 (M.D. Ala. 2003)).

Here, that Defendant has admitted Mr. Williams was acting within the scope of employment at the time of the accident is not in dispute. (ECF No. 10). As such, Defendant correctly argues that any discovery requests related to the negligent hiring, retention, supervision, or training claim and negligent entrustment claim are not relevant to the present case.[2] (ECF No. 34). Moreover, because the remaining claims under the operative claim are derivative negligence claims, a plaintiff may not maintain such claims absent proof of an underlying tort. *See, e.g.*, *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996) (requiring proof that the employer's conduct was the proximate cause of an underlying tort under a negligent hiring, retention, supervision, or training claim); *Brown v. Kahl*, Civil Case No. 18–00352–JMC, 2018 WL 4108030, at \*3 n.1 (D. Md. Aug. 29, 2018) (rejecting a plaintiff's proposition that a negligent entrustment claim is a "standalone tort"). Here, the underlying tort claim for negligence has been removed from the case. Accordingly, none of the presently disputed requests are relevant to the case.

   B. *Whether the Disputed Discovery Requests May Be Discoverable at a Later Time Depends on the Motion for Leave to Amend the Complaint Ruling*

---

[2] Defendant further points to its pending Motion for Judgment on the Pleadings, but it is settled that the existence of a dispositive motion does not preclude discovery. *See Sneed v. SW Trucking LLC*, Civil Action No. ADC-19-626, 2020 WL 1812866, at \*2 (D. Md. Apr. 9, 2020). In the event that Judge Rubin grants Defendant's motion for judgment on the pleadings, the instant case may be resolved entirely. However, such a possibility by itself would not ordinarily foreclose discovery absent special circumstances. *See id.*

Whether the disputed requests remain irrelevant considering the unique procedural posture here is a different question. While simply re-adding a claim for negligence against the driver would not ordinarily render the disputed areas relevant as discussed above, that it not the only intent to Plaintiff's motion.  Plaintiff emphasizes that the motion for leave to amend the complaint also seeks to add a claim for punitive damages, which would "substantively defeat Defendant's arguments regarding category 1 in any future dispositive motions." (ECF No. 36 at 1).  It is true that a valid claim for punitive damages acts as an exception to the general rule that a plaintiff may not maintain derivative negligence claims against employers that have conceded agency.  *See Villalta*, 2008 WL 11366412 at *6.  In *Villalta*, this Court noted that "if the plaintiff in *Houlihan* had a valid claim for punitive damages against the truck owner, the driver's past traffic offenses would have been relevant."  *Id.* Thus, "[s]uch evidence would have been necessary to decide the question of whether the truck owner willfully disregarded the safety of other drivers on the road."  *Id.* Accordingly, a viable punitive damages claim impacts what is relevant in a motor tort case.  *See id.*

It is unclear whether Judge Rubin will grant the motion for leave to amend such that a punitive damages claim will be added to the case, and if she does, how doing so may impact her ruling on the pending motion for judgment on the pleadings. Accordingly, in the Court's view, the operative question is not what will come of the motion for judgment on the pleadings; rather, it is whether the discovery requests might be relevant if Plaintiff's claim for punitive damages is added to the case. In the event that Judge Rubin allows the addition of a punitive damages claim, the proposed amended complaint may make clear that some or all of the disputed requests are relevant. If Judge Rubin declines to grant the motion for leave to amend, doings so may well be followed by judgment on the pleadings in favor of Defendant.  Such questions, however, are matters before Judge Rubin and beyond the scope of the discovery referral.

As such, the Court is satisfied that under the operative complaint, the disputed discovery requests are not currently relevant to the case.  However, the requests may become relevant depending upon the outcome of the pending motion for leave to amend, if Judge Rubin permits the addition of a punitive damages claim.  Therefore, discovery shall be STAYED pending Judge Rubin's ruling on the pending motion for leave to amend the complaint.

## III.    Conclusion

For the foregoing reasons, the requested relief is DENIED without prejudice, and discovery is hereby STAYED pending Judge Rubin's ruling on the pending motion for leave to amend.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge