**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**SIDNEY STERN,**

***Plaintiff,***

**v.**

**WESTERN EXPRESS, INC.,**

***Defendant.***

**Civil Action No.: 1:25-cv-03545-JRR**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Plaintiff Sidney Stern's Motion for Leave to File Amended Complaint at ECF No. 30 (the "Motion").[1] The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. Background

This action arises from a motor vehicle accident that occurred on May 12, 2023, in which Plaintiff alleges Darnell Williams,[2] an employee of Western Express, Inc. acting within the scope of his employment, operated his motor vehicle in a negligent manner that caused it to collide with Plaintiff's motor vehicle, resulting in serious injury to Plaintiff. (ECF No. 3.)[3] On September 10, 2025,[4] Plaintiff initiated the instant action against Defendant Western Express, Inc., and then-

[1] Based on the court's ruling herein, the court will separately administratively deny Defendant's Motion for Judgment on the Pleadings at ECF No. 28 with leave to refile following conference of counsel.

[2] While Mr. Williams was originally named as a Defendant, the parties stipulated to his dismissal without prejudice. (ECF Nos. 9, 11.) At the same time, the parties noted that Mr. Williams is deceased. (ECF No. 10.) The caption of Plaintiff's proposed amended complaint does not identify Mr. Williams as a Defendant, but does refer to him as a Defendant throughout the allegations. (ECF No. 30-1.) Where Plaintiff frames his amendment as "edit[ing] the causes of action against Defendant Western Express, Inc." and not "vary[ing] the case in any material respect," *see* ECF No. 30 at p. 1, the court understands Plaintiff's identification of Mr. Williams, as opposed to any personal representative, as a Defendant to be in error. This is consistent with Plaintiff's reply in support of his Motion, asserting "Plaintiff is **not** attempting to add the now deceased driver as a party." (ECF No. 40 at p. 2) (emphasis in original).

[3] Plaintiff's proposed amended complaint is based on this same underlying claim. (ECF No. 30-1.)

[4] Both parties appear to contend that Plaintiff initiated this action in the Circuit Court for Baltimore County, Maryland, on October 6, 2025. (ECF No. 30 at p. 1; ECF No. 1 ¶ 1.) By the court's review, however, Plaintiff filed his Complaint on September 10, 2025. *See* ECF Nos. 1-6, 3.

Defendant Williams in the Circuit Court for Baltimore County, Maryland. *Id.* Following removal to this court on October 28, 2025, *see* ECF No. 1, the parties stipulated to Mr. Williams' dismissal, noting that they believed him to be deceased. (ECF Nos. 9, 10.) The parties also stipulated that: Mr. Williams was the operator of the motor vehicle at issue; the motor vehicle Mr. Williams was operating at the time of the accident was owned by Defendant Western Express; and Mr. Williams was acting as an agent for Defendant Western Express at the time of the motor vehicle accident. (ECF No. 10.) Relevant here, Defendant has admitted that Mr. Williams breached a duty and/or obligation owed to Plaintiff, resulting in a collision with Plaintiff's vehicle. (ECF No. 38-1 at pp. 3, 6.)

Following the filing of its answer, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, a motion for summary judgment pursuant to Rule 56. (ECF No. 22.) Plaintiff then filed an amended complaint. (ECF No. 23.) The court denied the motion at ECF No. 22 as untimely pursuant to Rule 12(b) and struck Plaintiff's amended complaint filed without leave as required by Rule 15(a)(2). (ECF No. 27.) Thereafter, Defendant filed its Motion for Judgment on the Pleadings. (ECF No. 28.) Plaintiff then filed the instant Motion seeking leave to file an amended complaint. (ECF No. 30). The court stayed briefing on Defendant's Motion for Judgment on the Pleadings pending resolution of the instant Motion. (ECF No. 35.)

Plaintiff's Complaint presently lists three claims: negligence (Count I);[5] negligent hiring and retention (Count II); and negligent entrustment (Count III). (ECF No. 3.) At issue here, Plaintiff's proposed amended complaint adds allegations of wantonness to each of his claims. As to Count I,

[5] While Plaintiff's Complaint identifies Count I as solely against Mr. Williams, the court understands the parties to operate as if this claim is brought against Defendant under a vicarious liability theory in view of the parties' stipulation as to Mr. Williams. (ECF No. 10.) *See Houlihan v. McCall*, 197 Md. 130, 137–38 (1951) (explaining "when agency had been admitted it was quite unnecessary to pursue the alternative theory in order to hold the corporate defendant," and it "was only necessary to prove negligence on the part of the driver").

he adds:

> Plaintiff avers that the acts and conduct of Defendant Williams, on said occasion constitute willful and wantonness. Plaintiff further avers that the acts and conduct of Defendant Williams operated the tractor-trailer willfully and wantonly in violation of the motor vehicle and traffic laws of the State of Maryland.

(ECF No. 30-2 ¶ 15.) He further amends Count II and III, respectively, from "Negligent Hiring and Retention" to "Negligent and Wanton Hiring, Training, Supervision, and Retention," and from "Negligent Entrustment" to "Negligent and Wanton Entrustment." *Id.* at pp. 4–5. In each, he adds the word "wantonness" to his existing allegations. *Id.* ¶¶ 21, 27–28. Plaintiff also adds, *inter alia*, a demand for punitive damages. *Id.* at p. 7.

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has

been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (noting that the Fourth Circuit "generally encourage[s] amendment" except where there is prejudice to the opposing party, bad faith, or futility of the amendment); *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. A district court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

## III. Analysis

Plaintiff argues that this court's liberal amendment policy permits him to amend his Complaint as proposed. (ECF No. 30 at pp. 1–2.) In opposition, Defendant argues Plaintiff's amendments are futile because i) his negligent entrustment and negligent hiring, training, supervision, and retention claims are barred under Maryland law given the parties' stipulations; and ii) Plaintiff has not adequately pled a claim for punitive damages. (ECF No. 38-1 at pp. 9–12.)[6]

[6] Defendant additionally opposes Plaintiff's Motion on grounds of bad faith, arguing that Plaintiff's Motion is a pretext and intended to expand the scope of discovery, among other reasons. (ECF No. 38-1 at pp. 14–16.) Because the court finds Plaintiff's proposed amendment is futile, it does not reach this argument.

Under Maryland law,[7] a plaintiff may not maintain negligent entrustment or other derivative claim against a corporate defendant where it has stipulated to the existence of an agency relationship with the individual defendant. *Houlihan v. McCall*, 197 Md. 130, 137–38 (1951). In *Houlihan*, the plaintiff brought dual negligence claims against a truck driver and truck company, alleging negligence on the part of the driver causing a collision with plaintiff and negligent entrustment on the part of the company. *Id.* at 137. The Supreme Court of Maryland reasoned that because the corporate defendant admitted the existence of an agency relationship between it and the defendant driver, "it was quite unnecessary" to pursue the plaintiff's negligent entrustment claim. *Id.* Specifically, the court decided that admitting the defendant driver's driving history would not only be unnecessary to the question of his negligence on the day in question, but also risk the jury finding liability based on an improper propensity inference. The negligence claim related to the driver's conduct was sufficient, the court held, "to hold the corporate defendant" liable for compensatory damages. *Id.* at 137–38. As a result, the plaintiff was barred from litigating his negligent entrustment claim, as the only remaining issue was whether the driver himself was negligent. *Id.* at 137.

On similar facts, this court has since repeatedly dismissed negligent entrustment and other derivative claims consistent with the reasoning in *Houlihan*. *See, e.g.*, *Villalta v. B.K. Trucking &*

[7] While Plaintiff alleges that Tennessee law applies to Counts II and III in his proposed amended complaint, *see* ECF No. 30-1 ¶¶ 23, 29, Defendant argues, and Plaintiff does not contest, Maryland law is applicable to the dispute here. A federal district court considering state common law claims applies the substantive law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). The substantive law of the forum state includes its choice-of-law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland courts ordinarily apply the tort law of the place where the tort occurred under the doctrine of *lex loci delicti*. *Sherrod v. Achir*, 149 Md. App. 640, 647 (2003). "For tort claims, Maryland applies the *lex loci delicti* rule . . . [which] dictates 'that in a conflict of law situation . . . where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury[,] the last event required to constitute the tort[,] occurred.'" *Bank of La. v. Marriott International, Inc.,* 438 F. Supp. 3d 433, 442 (D. Md. 2020) (quoting *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 620 (2007)); *see Lab'y Corp. of Am. v. Hood*, 395 Md. 608, 615 (2006) (same). Based on the foregoing, and where Plaintiff does not offer substantive argument to the contrary, the court agrees with Defendant that Plaintiff's claims are properly considered under Maryland law, the law of the State where the last event required to constitute the tort occurred.

*Warehousing, LLC*, No. DKC 2007-1184, 2008 WL 11366412, at *5 (D. Md. Aug. 4, 2008) (regarding a claim for negligent entrustment); *Day v. Stevens*, No. 17-02638-JMC, 2018 WL 2067735, at *4 (D. Md. May 3, 2018) (same); *Brown v. Kahl*, No. CV 18-00352-JMC, 2018 WL 4108030, at *4 (D. Md. Aug. 29, 2018) (same); *Sneed v. SW Trucking LLC*, No. ADC-19-626, 2020 WL 1812866, at *3-4 (D. Md. Apr. 9, 2020) (regarding claims for negligent entrustment and negligent hiring, training, retention, and supervision); *Orta v. Creekstone Landscaping & Excavating, LLC*, No. EA-23-1954, 2024 WL 3555093, at *6 (D. Md. July 25, 2024) (regarding a claim for negligent entrustment). *See also Christian v. Reliable Towing & Recovery LLC*, 2026 WL 931080, at *2 n.2 (D. Md. Apr. 7, 2026) (regarding a claim for negligent hiring, retention, and entrustment discussed in the context of a discovery dispute).

While Plaintiff does not meaningfully challenge the foregoing as a principle of law, he instead argues that such authority is inapplicable here where he seeks punitive damages. (ECF No. 40 at p. 1.) *See Villalta*, 2008 WL 11366412 at *6 (noting that "if the plaintiff in *Houlihan* had a valid claim for punitive damages against the truck owner," evidence proffered to substantiate the negligent entrustment claim "would have been relevant"). However, even assuming without deciding that Plaintiff is correct that *Houlihan* and its progeny is inapplicable upon a valid claim for punitive damages, that is of no moment here because Plaintiff has failed to allege a plausible basis for punitive damages.

"In Maryland, punitive damages are designed 'to punish the wrongdoer for particularly egregious or heinous conduct and to deter others from following suit.'" *McMillan v. Kansas City Life Ins. Co.*, No. 1:22-CV-01100-ELH, 2023 WL 3901279, at *7 (D. Md. June 7, 2023) (quoting *Anne Arundel County v. Reeves*, 474 Md. 46, 66 (2021)). Under Maryland law, "[i]n a tort action, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages."

*Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) (citing *Montgomery Ward v. Wilson,* 339 Md. 701, 664 (1995)). "Actual malice has been defined as conduct 'characterized by evil motive, intent to injure, ill will, or fraud.'" *Id.* (quoting *Komornik v. Sparks,* 331 Md. 720, 629 (1993)). Thus, to be entitled to an award of punitive damages, Plaintiff must sufficiently allege that Defendant committed the underlying tort with actual malice. As previously explained by Judge Hollander of this court:

> "What is needed to support an award of punitive damages is conscious and deliberate wrongdoing." *Hoffman v. Stamper*, 385 Md. 1, 42, 867 A.2d 276, 301 (2005). Thus, "[n]egligence or misjudgment, 'however gross,' does not satisfy the knowledge element." *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 704, 715 A.2d 188, 193 (1998); *see Al-Sabah v. Agbodjogbe*, SAG-17-730, 2020 WL 1307388, at *2 (D. Md. Mar. 19, 2020); *see also Darcars*, 378 Md. at 264, 841 A.2d at 837 (noting that "'negligence alone, no matter how gross, wanton, or outrageous, will not satisfy [the] standard [of actual malice]'") (internal citation omitted) (alteration in *Darcars*).

*McMillan*, 2023 WL 3901279, at *7. "In Maryland, a plaintiff seeking punitive damages for any tort must 'allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with actual malice.'"[8] *Harris v. Dow Chem. Co.*, No. CV DKC 20-0988, 2020 WL 6874326, at *3 (D. Md. Nov. 23, 2020) (quoting *Hill v. Brush Engineered Materials, Inc.*, 383 F.Supp.2d 814, 824–25 (D. Md. 2005)); *see Marion v. Anchor Hocking, LLC*, 792 F. Supp. 3d 629, 633 (D. Md. 2025) (same).

Plaintiff's allegations on this point are plainly deficient. While he seeks to add assertions of "wantonness," *see* ECF No. 30-2 ¶¶ 15, 21, 27–28, pp. 4–5, Plaintiff adds no factual basis to

[8] While "[p]ractices in this District" regarding the necessary pleading of a punitive damages claim vary, *see Aarow Elec. Sols. v. Tricore Sys., LLC*, No. CV JKB-22-2363, 2024 WL 1443743, at *4 (D. Md. Apr. 3, 2024) (on a Rule 12(b)(6) motion), the court is persuaded that the sufficiency of Plaintiff's pleading of punitive damages is properly considered here, given the posture of this matter (on a motion for leave to amend) and where Plaintiff challenges the futility of amendment on the basis of his demand for punitive damages.

these allegations. Instead, Plaintiff's assertion of wantonness is precisely the sort of conclusory label that fails to state a plausible ground to his entitlement for the requested relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Plaintiff's conclusory allegations fail to offer "in detail, facts that, if proven true, would support the conclusion that the act complained of was done with actual malice." *See Harris*, 2020 WL 6874326, at *3, *supra*.

Plaintiff contends that "any lack of particularity in [his] pleading is due to the fact that Defendant has failed to provide any discovery to date and it has explicitly refused to answer whether any drug tests were obtained from the driver after this accident or provide any information relating to the driver's compliance with safety regulations." (ECF No. 38 at p. 2.) This mistakes the point. "In order to proceed to discovery, a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. — ,146 S. Ct. 1391, 1399 (2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023 WL 2743361, at *35 (D. Md. Mar. 31, 2023) (noting that discovery is not "a fishing expedition" to avoid the requirement that a plaintiff "satisfy a plausibility [pleading] standard, *i.e.*, more than possible and less than probable") (quoting *Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 414 (E.D.N.Y. 2013)). That discovery is presently ongoing does not exempt Plaintiff from well-known and basic pleading standards.

Accordingly, in view of the parties' above-identified stipulations, and where Plaintiff fails to allege a plausible basis for punitive damages, Plaintiff's proposed amendment is futile as to Counts

II and III for the reasons set forth in *Houlihan* and its progeny; and is futile as to Plaintiff's request for punitive damages for lack of factual foundation.

It is therefore this 1st day of September 2026,

**ORDERED** that Plaintiff's Motion (ECF No. 30) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Defendant's Motion for Judgment on the Pleadings at ECF No. 28 shall be, and is hereby, **ADMINISTRATIVELY DENIED with leave to refile** consistent with this court's opinion set forth herein.[9]

Given the overlapping nature of the issues addressed by the court herein with those in Defendant's Motion for Judgment on the Pleadings, the parties shall confer to determine whether agreement or stipulation can be reached on any remaining issues.[10] Should the parties not be able to reach agreement, Defendant may refile its Motion for Judgment on the Pleadings in its current form.

/s/
Julie R. Rubin
United States District Judge

[9] While the court acknowledges that much of the court's opinion herein bears on the merits of Defendant's Motion for Judgment on the Pleadings, that motion has not been briefed, as the court stayed Plaintiff's deadline to respond to until ruling on the instant Motion.
[10] Any agreement may of course be without prejudice to the preservation of Plaintiff's appellate rights.