**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

September 18, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE: *Stern v. Western Express, Inc. et al.*
Civil No. 1:25-cv-03545-JRR

Dear Counsel:

Plaintiff, Sidney Stern, filed the instant motor tort litigation in state court alleging claims of negligence (Count I), negligent hiring and retention (Count II), and negligent entrustment (Count III) on September 10, 2025. (ECF No. 1). Defendant filed a notice of removal on October 8, 2025. *Id.* Currently before the Court is a dispute between the parties concerning Plaintiff's interrogatories and several requests for production of documents. (ECF Nos. 44, 45, 46, 47). Plaintiff seeks an order compelling Defendant's production of the disputed materials. (ECF No. 47). Defendant objects and asks the Court to protect it from Plaintiff's discovery. (ECF No. 46).

The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiff's requested relief is DENIED, and Defendant's requested relief is GRANTED, subject to the limitations stated herein.

## I. Background

Plaintiff seeks compensatory damages for injuries he sustained as the result of a May 12, 2023, motor vehicle accident on Interstate 696 ("I-695"). (ECF No. 3 at 2).[1] Plaintiff alleges that the Defendant's tractor-trailer, operated by Mr. Darnell Williams, left its designated lane and collided with Plaintiff's, thereby resulting in injuries. *Id.* Prior to September 10, 2025, when Plaintiff originally filed his Complaint, Mr. Williams passed away. (ECF No. 24 at 1).

Defendant filed its answer to the complaint on October 28, 2025. (ECF No. 4). On December 29, 2025, Plaintiff filed a motion to voluntarily dismiss all claims against Mr. Williams, resulting in the dismissal of Count I. (ECF No. 9). Judge Rubin granted the motion on December 30, 2025, which made Counts II and III, the negligent hiring and retention and negligent entrustment claims, the only remaining claims in the case. (ECF No. 11). On February 4, 2026, Defendant filed a motion to dismiss counts II and III, or in the alternative, for partial summary judgment. Then, on February 10, 2026, Plaintiff filed an amended complaint. (ECF No. 23). Judge Rubin denied both motions on February 12, 2026, as Defendant filed its answer before filing a motion to dismiss, thereby barring its motion, and Plaintiff filed an amended complaint without

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

leave of the Court, thereby making it improper. (ECF No. 27). Defendant subsequently re-fashioned its motion to dismiss arguments into a motion for judgment on the pleadings, which it filed later that same day. (ECF No. 28).

While Defendant's motion for judgment on the pleadings was pending, Defendant first alerted this Court of a discovery dispute by way of a Notice and Request for a Rule 16(b)(3)(B)(v) pre-motion conference. (ECF No. 29). Thereafter, on February 20, 2026, this matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Julie Rubin. (ECF No. 31). The undersigned issued a memorandum to counsel concerning discovery that same day, in which the Court also directed the parties to file position statements concerning the present dispute. (ECF No. 32).

Shortly thereafter, while both Defendant's motion for judgment on the pleadings and the parties' discovery dispute was pending, Plaintiff filed a motion for leave to amend the complaint on February 16, 2026. (ECF No. 30). Plaintiff sought to add a claim of negligence back into the case against Mr. Williams and Defendant. (ECF No. 30-2 at 3-4). Plaintiff also added language concerning reckless and wanton conduct under Counts II and III and seeks to recover punitive damages in addition to compensatory damages under the proposed amended complaint. *Id.* at 4-7. Judge Rubin stayed briefing on Defendant's motion for judgment on the pleadings pending the resolution of Plaintiff's motion for leave to file an amended complaint. (ECF No. 35).

Before Judge Rubin ruled on Plaintiff's motion for leave, this Court issued an opinion regarding the parties' first discovery dispute. (ECF No. 41). The dispute stemmed from Defendant's objection to several discovery requests by Plaintiff on the basis that they were not relevant to the issue of injury or damages, which were the only remaining issues given that Defendant had already stipulated "that Mr. Williams was its employee/agent driving in the course and scope of his employment at the time of the incident." (ECF No. 34 at 1).

This Court ultimately found that "any discovery requests related to the negligent hiring, retention, supervision, or training claim and negligent entrustment claim are not relevant to the present case." (ECF No. 41 at 3). However, given the posture of the case at the time, whether the disputed discovery remained irrelevant depended on the result of Plaintiff's prior motion for leave to amend the complaint. *Id.* Specifically, "[i]n the event that Judge Rubin allows the addition of a punitive damages claim, the proposed amended complaint may make clear that some or all of the disputed requests are relevant." *Id.* Therefore, this Court found that "under the operative complaint, the disputed discovery requests are not currently relevant to the case. However, the requests may become relevant depending on the outcome of the pending motion for leave to amend, if Judge Rubin permits the addition of a punitive damages claim." *Id.*

On September 1, 2026, Judge Rubin Denied Plaintiff's motion for leave to file an amended complaint and administratively denied Defendant's motion for judgment on the pleadings with leave to refile in its current following a conference of counsel. (ECF No. 42 at 9). The parties then notified the Court of the presently pending dispute on September 14, 2026. (ECF No. 45). The next day, both parties filed position statement letters detailing their respective arguments. (ECF Nos. 46, 47).

## II. Analysis

Defendant objects to many of Plaintiff's discovery requests on the basis that they are not relevant to the issue of injury or damages. (ECF No. 46 at 1). Relevant to the instant dispute, the parties "stipulated that Mr. Williams was its employee/agent driving in the course and scope of his employment at the time of the incident" and Defendant "stipulated to primary responsibility for causing the Occurrence." *Id.* Plaintiff seeks an almost identical production to the one at issue in the parties' prior discovery dispute. *See* (ECF No. 36, 47). Plaintiff separates his requests into six categories, providing an independent justification for each. *See* (ECF No. 47). However, there is no need to parse the requests subject to the instant dispute into individual categories given the analysis below.

*A. Maryland Law Prohibits Derivative Negligence Claims when an Employer Admits Vicarious Liability*

Defendant correctly points to the settled rule that a plaintiff may not maintain derivative negligence claims where, as here, the defendant admits that the employee was acting within the scope of employment. *See Houlihan v. McCall,* 197 Md. 130, 137-38 (1951); *Orta v. Creekstone Landscaping & Excavating, LLC*, No. 1:23-cv-01954-EA, 2024 WL 3555093, at *6 (D. Md. July 25, 2024); *Sneed v. SW Trucking, LLC, et al.*, Civil Action No. ADC-19-626, 2020 WL 1812866, at *5 (D. Md. Apr. 9, 2020) (granting summary judgment when the defendant admitted the driver was acting in the scope of employment on the plaintiff's negligent entrustment and negligent hiring, training, retention, and supervision claims); *Villalta v. B.K. Trucking & Warehousing, LLC, et al.*, Civil Action No. DKC 2007-1184, 2008 WL 11366412 at *5-6 (D. Md. Aug. 4, 2008) ("[A] plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee."); *Day v. Stevens*, Civil Case No. 17–02638–JMC, 2018 WL 2064735, at *5 (D. Md. May 3, 2018) ("[T]he Maryland Court of Appeals' decision in *Houlihan* clearly supports Defendant's contention that Plaintiff cannot proceed with its negligent entrustment claim once vicarious liability has been admitted.").

As this Court has previously explained, in *Houlihan v. McCall*, the then Court of Appeals of Maryland held that a trial court erred in allowing into evidence an individual defendant's driving record when (1) the employer admitted agency and (2) the plaintiff alleged negligent on part of the individual defendant and on the part of the employer. *Houlihan v. McCall*, 197 Md. 130, 137 (1951). The Court reasoned that because the defendants admitted agency, "it was quite unnecessary [for the plaintiffs] to pursue the alternative theory in order to hold the corporate defendant [liable]," and the plaintiffs needed only "to prove negligence on the part of the driver." *Id.* at 137-38. After *Houlihan*, "other courts [have] characterize[d] *Houlihan* as the Maryland Court of Appeal's adoption of the 'majority view' that 'negligent entrustment imposes no additional liability on an employer and therefore the desirability of allowing a plaintiff to proceed with the claim is outweighed by the prejudice to the defendant inherent in allowing the claim.'" *Day v. Stevens*, 2018 WL 2064735, at *5 (quoting *Poplin v. Bestway Express*, 286 F.Supp.2d 1316, 1319 (M.D. Ala. 2003)).

Here, Defendant has conceded that Mr. Williams was acting within the scope of employment at the time of the accident. (ECF No. 10). This Court previously held that given Defendants stipulation, "discovery requests related to the negligent hiring, retention, supervision, or training claim and negligent entrustment claim are not relevant to the present case." (ECF No. 41 at 3). Additionally, "because the remaining claims under the operative claim are derivative negligence claims, a plaintiff may not maintain such claims absent proof of an underlying tort." *Id.*; *see, e.g.*, *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996) (requiring proof that the employer's conduct was the proximate cause of an underlying tort under a negligent hiring, retention, supervision, or training claim); *Brown v. Kahl*, Civil Case No. 18 00352–JMC, 2018 WL 4108030, at *3 n.1 (D. Md. Aug. 29, 2018) (rejecting a plaintiff's proposition that a negligent entrustment claim is a "standalone tort"). Here, the underlying tort claim for negligence has been removed from the case. Accordingly, none of the presently disputed requests are relevant to the case.

The Court made clear in its March 11, 2026 Order that "the operative question is not what will come of the motion for judgment on the pleadings; rather it is whether the discovery requests might be relevant if Plaintiff's claim for punitive damages is added to the case." *Id.* As detailed *supra*, Judge Rubin denied Plaintiff's motion for leave to amend the complaint, meaning Plaintiff does not presently maintain a claim for punitive damages that would impact what is relevant to a motor tort case. (ECF No. 42). Therefore, it is clear that Plaintiff's discovery requests overlook the Court's March 11, 2026 Order as they seek attempt to ascertain facts related to Mr. William's condition at the time of the collision and Defendant's conduct in hiring, supervising, and retaining Mr. Williams. (ECF No. 47 at 2-3). Such discovery irrelevant to the issues presented at this stage of the litigation.

Therefore, the Court is satisfied that under the operative complaint, the disputed discovery requests are far more burdensome than they are probative of claims that are not viable as a matter of law. Therefore, Plaintiff's requested relief is DENIED.

## III. Conclusion

For the foregoing reasons, Plaintiff's requested relief is DENIED.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge